IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAYNE WOODS,

                Plaintiff,

v.

MICHAEL ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,

                Defendant.

No. CV 07-149-MO

OPINION AND ORDER

**MOSMAN, J.**

      Plaintiff Layne Woods seeks judicial review of the Commissioner's final decision to deny his application for Disability Insurance Benefits ("DIB"). Because the Administrative Law Judge ("ALJ") improperly determined the onset date of Mr. Woods's disability, I REVERSE the Commissioner's decision and REMAND this matter for further proceedings.

### I. BACKGROUND

      On May 10, 2004, Mr. Woods filed for Supplemental Security Income ("SSI") payments. On June 10, 2004, Mr. Woods applied for DIB payments. He claimed a disability onset date of April 20, 1995, the date he was last employed. Mr. Woods's insured status expired December 31, 2001; therefore, to qualify for DIB, he must have a disability onset date on or before that date.

      Between 1995 and 2004, Mr. Woods has no medical records to guide the disability onset

PAGE 1 - OPINION AND ORDER

date inquiry. On October 12, 1995, weeks after a minor automobile accident, Mr. Woods exhibited "cervical and thoracic strain . . . [and] a left Bell's Palsy of recent onset," but otherwise could return to work without permanent restrictions. Admin. R. at 160.

His next documented examination occurred almost nine years later, on August 21, 2004. The doctor noted Mr. Woods's congenital ocular albinism, nystagmus, Bell's palsy, thoracic pain "with tenderness to palpitation being the only objective finding," and shoulder pain "without any limitation of motion." *Id*. at 142.

On August 30, 2005, James Bryan, PhD, performed a neuropsychological screening examination on Mr. Woods. He concluded that Mr. Woods's "condition is comprised of a combination of somatoform pain disorder, cognitive disorder, depression, and mixed personality disorder." *Id*. at 188. "His history and social presentation indicate a combination of borderline, paranoid, and schizoid features." *Id*. at 189. Furthermore, Dr. Bryan concluded that Mr. Woods's disorders had "been in a recurrent pattern for many years. . . . [And t]he extent of the personality disorder is strong and well entrenched . . . ." *Id*.

The Commissioner reviewed the medical history and denied both the SSI and DIB claims, finding that Mr. Woods was not disabled. On reconsideration, the Commissioner again denied the claims, and Mr. Woods appealed the decision. At a hearing on June 29, 2005, the ALJ heard testimony from a vocational expert and Mr. Woods regarding the extent of his impairments. After reviewing the record, including Dr. Bryan's findings, the ALJ granted Mr. Woods's SSI claim, fixing the disability onset date at May 10, 2004. Because the onset date fell after his date last insured, Mr. Woods did not qualify for DIB payments. The Appeals Council denied review on November 6, 2007, making the ALJ's decision the Commissioner's final decision.

PAGE 2 - OPINION AND ORDER

## II. STANDARDS

To qualify for disability benefits, a claimant must prove his "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner conducts a five-step sequential inquiry to determine whether the claimant is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. The claimant bears the burden of proving disability, 42 U.S.C. § 423 (d)(5)(A), but the Commissioner must fully develop the administrative record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). "'Substantial evidence' means more than a mere scintilla but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).

## III. ANALYSIS

Mr. Woods argues that the ALJ's analysis is faulty for three reasons: (1) the ALJ improperly determined the disability onset date; (2) the ALJ improperly discredited testimony; and (3) the ALJ did not assess his residual functional capacity correctly. Because the ALJ improperly determined the onset date of Mr. Woods's disability, I REMAND the matter for further proceedings and address the other arguments in that context.

The procedure for determining the disability onset date is well established. "Factors relevant to the determination of disability onset include the individual's allegation, the work

history, and the medical evidence." SSR 83-20, 1983 WL 31249, at *1. While these factors are often evaluated together, the onset date "must have a legitimate medical basis." *Armstrong v. Comm'r*, 160 F.3d 587, 589 (9th Cir. 1998). When the date of onset cannot be precisely determined, the ALJ must make "an informed judgment of the facts in the particular case. . . . At the hearing, the [ALJ] should call on the services of a medical advisor when onset must be inferred." SSR 83-20, 1983 WL 31249, at *3. The Ninth Circuit has interpreted 'should' as 'must,' requiring an ALJ to obtain medical expert testimony in this situation. *Armstrong*, 160 F.3d at 590-91 (citing *DeLorme*, 924 F.2d at 848).

In *Armstrong*, a dearth of medical records made the claimants's onset date difficult to establish, and his incapacitating depression was diagnosed more than two years after his date last insured. 160 F.3d at 590. The Court held: "If the 'medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 requires the administrative law judge to call upon the services of a medical advisor. . . .'" *Id*. (quoting *DeLorme*, 924 F.2d at 848); *see also Morgan v. Sullivan*, 945 F.2d 1079 (9th Cir. 1991) (reversing in part an ALJ's determination of the onset date of mental disorders without the assistance of a medical expert).

Here, the ALJ determined Mr. Woods was "under a disability" beginning May 10, 2004, based on Dr. Bryan's August 30, 2005 neuropsychological examination. However, the ALJ failed to mention Dr. Bryan's findings that the mental impairments had "been in a recurrent pattern for many years. . . . [And t]he extent of the personality disorder is strong and well entrenched . . . ." Admin. R. at 189. The ALJ could not have relied on the neuropsychological examination to determine a precise onset date, because Dr. Bryan "did not state when these limitations began." (Def.'s Br. (#22) 7.) Rather than consult a medical advisor, the ALJ gave "the claimant the

PAGE 4 - OPINION AND ORDER

benefit of the doubt that these mental impairments existed on May 10, 2004." Admin. R. at 28. The ALJ did not adhere to the procedures SSR 83-20 prescribes, rendering his decision reversible error.

## CONCLUSION

Based on the foregoing, I REVERSE the Commissioner's decision that Mr. Woods is not entitled to DIB payments, and I REMAND the matter for further administrative proceedings.

On remand, the ALJ shall call a medical advisor pursuant to SSR 83-20. The ALJ must state the medical basis on which he establishes the onset date after reviewing all of the objective medical evidence as well as lay testimony that may help to infer the onset date. If the ALJ discredits any objective medical evidence, he must do so in accordance with SSR 96-7p(5).

If, after this review, the ALJ finds the onset date to be after December 31, 2001, then no further inquiry is necessary. If, on the other hand, the ALJ finds the onset date falls on or before December 31, 2001, then the ALJ will conduct a new residual functional capacity examination that will include the limitations Mr. Woods exhibited as of the onset date.

IT IS SO ORDERED.

DATED this  29th  day of July, 2008

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court